UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DUSTIE REYNA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOWE'S HIW, INC. and DOES 1-10,<br><br>　　　　Defendants. | Case No.: 1:13-cv-00111-REB<br><br>**MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION IN LIMINE**<br><br>**(Docket No. 82)** |

Now pending before the Court is Motion in Limine as to Plaintiff's Damages and Other Evidence (Docket No. 82). In this Motion, Defendant requests that the Court enter an order precluding Plaintiff Dustie Reyna from introducing any evidence or argument as to any medical conditions or symptoms she experienced, or as to any medical treatment she sought, with the exception of left leg pain and bruising she experienced after the accident, and difficulty walking, sitting, or standing in the immediate post-accident period. (Dkt. 82, p. 2). Defendant also requests an order barring Plaintiff from introducing any evidence or argument regarding mental health, psychological or psychiatric conditions she may contend are causally related to her trip and fall accident. (*Id.* p. 3). Having reviewed the briefing and other submissions of the parties on this matter, and having entertained oral argument on June 8, 2016, the Court now issues the following order.

**DECISION AND ORDER ON DEFENDANT'S MOTION IN LIMINE  - 1**

## BACKGROUND

This case arises from an accident that occurred in the parking lot of Lowe's Home Improvement Warehouse. Plaintiff alleges that she was pushing a shopping cart loaded with two 80 pound bags of mortar across the parking lot. According to Plaintiff, her cart hit a crack in the parking lot, which caused the cart to tip forward, pulling her over the handles with it.

The day after the accident Plaintiff saw a primary care provider who diagnosed a thigh contusion. Plaintiff has previously testified, however, that in addition to this contusion, she also experienced neck pain, back pain, headaches, and abdominal pain and/or an abdominal contusion within days after the accident. Plaintiff has not disclosed in timely fashion any expert witnesses or medical providers who can testify about issues of medical causation and damages, and as a result, is limited to layperson testimony to prove the liability and damages elements of her case.

The issue of whether lay opinion testimony would be permitted for such purposes was raised in Defendant's Motion for Summary Judgment. In ruling on that motion, the Court noted that Rule 701 did not prohibit all lay opinion testimony on issues of medical causation. In the context of the motion, it was not necessary nor appropriate for the Court to attempt a delineation of the precise parameters of lay opinion testimony that would be permitted. Now, however, in the context of dealing with pretrial limine motions, it is appropriate for the Court to do so, and this Decision and Order will set out such boundaries.

**DECISION AND ORDER ON DEFENDANT'S MOTION IN LIMINE  - 2**

## ANALYSIS

Though expert testimony is commonly necessary to establish the connection between accident and injury, it is not an absolute requirement in each and every instance. Rule 701 of the Federal Rules of Evidence provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

In a persuasive interpretation of a similar state court rule, the Idaho Court of Appeals held that expert testimony is only necessary where the issue of causation is "outside the usual and ordinary experience of the average person." *Dodge-Farrar v. American Cleaning Servs.,* 54 P.3d 954, 958 (Id. Ct. App. 2002). According to the court in *Dodge-Farrar,* the fact of an injury, and the reason it came about, may not require expert testimony where the claimed injuries "are of a common nature and arise from a readily identifiable cause," in which case, "there is no need for the injured party to produce expert testimony." *Id.* This holding, which was quoted extensively in this Court's Memorandum Decision on the Motion for Summary Judgment, bears repeating here:

> We conclude that a layperson may testify to the causation of medical symptoms or of injuries where such causation is within the usual and ordinary experience of the average person, and also satisfies I.R.E. 701. For example, if a person fell down some steps, landing on a knee, and immediately thereafter felt pain in the knee, saw an open wound on the knee, and within minutes or hours observed that the knee was swelling, that lay person could provide reliable testimony that the pain, wound and swelling were caused by the fall. A layperson could also testify that medical

**DECISION AND ORDER ON DEFENDANT'S MOTION IN LIMINE  - 3**

>care obtained to treat those immediate symptoms was causally related to the fall. As the claimed symptoms and treatment become more separated in time from the fall, however, the causal relationship becomes more doubtful and tenuous, and expert testimony becomes necessary to establish causation. As time passes, the possibility that prior or subsequent injuries or unrelated disease processes may play a causal role makes lay opinion unreliable and inadequate to sustain a claim. Accordingly, lay testimony on causation must be limited to the symptoms which are proximate enough to the injury that lay opinion can be deemed competent and reliable. Just where within the time continuum the line must be drawn to exclude lay testimony is necessarily a decision committed to the trial court's discretion based upon the facts and circumstances of the particular case. In addition, even as to symptoms that appear immediately after the traumatic event, lay opinions may be foreclosed if the causation question is not a matter within the common knowledge and experience of the average person. Thus, in the foregoing hypothetical, a layperson might be precluded from testifying that a skin rash which appeared on her arms immediately after the fall was causally related to the fall.

*Id.* at 957-59.

Defendant argues that Plaintiff must be precluded from introducing any testimony or evidence regarding virtually all of the medical conditions that are at issue in this case, with the exception of left leg pain and bruising she experienced after the accident, and any difficulty with walking, sitting, or standing that may have been related to that bruise. The Court agrees that evidence as to these discrete symptoms is admissible, and within the realm of appropriate lay testimony under *Dodge-Farrar* and federal cases discussing the scope of Rule 701. However, the Court does not agree that Plaintiff's lay opinion testimony must be limited strictly to only these conditions.

In addition to the injury to her leg and associated difficulty walking, the record also indicates that Plaintiff experienced an array of other symptoms during the days and

**DECISION AND ORDER ON DEFENDANT'S MOTION IN LIMINE  - 4**

weeks following the accident. At her deposition, which was submitted in connection with Defendant's Motion for Summary Judgment, Plaintiff testified regarding neck pain, knee pain, back pain (which she described as a feeling that her lower back had been "shattered"), and abdominal pain and/or contusions in the immediate post-accident period. (Dkt. 52-10 at ECF pages 32-44). Her opposition to the Motion in Limine also asserts that she experienced a severe stiff neck, knee pain, a distended abdomen, and severe headaches within days after the accident. (Dkt. 84 at p. 2). It is not implausible that some or all of these conditions might have resulted from the accident, and they are not so unusual, or so far removed from the average person's experience, that they depend absolutely on expert testimony to make out a causal link. Such symptoms could, potentially at least, all be consistent with a general feeling of being "banged up" after an accident such as the one Plaintiff experienced. In that sense, these types of symptoms (assuming that there is also testimony that they developed within the immediate post-accident period) are within the realm of appropriate lay opinion testimony.

     Defendant points out that the records from Plaintiff's first medical visits after the accident reflect only that she was experiencing leg pain or thigh pain, and do not reflect that she was also seeking treatment for headaches, back pain, knee pain, neck pain, and abdominal swelling and/or contusions. The fact that Plaintiff's assertions do not all find corroboration in the medical records may be an entirely valid basis for cross-examination, but does not go to the question of whether her testimony about her symptoms is admissible in the first place. The Court is also aware that some of the symptoms that

**DECISION AND ORDER ON DEFENDANT'S MOTION IN LIMINE - 5**

Plaintiff claims to have experienced immediately after the accident may in fact have been related to pre-existing conditions. For example, medical records that were submitted in connection with the Motion for Summary Judgment indicate that Plaintiff had a history of irritable bowel syndrome, diverticulitis, and other stomach-related issues going back to 2009. (Dkt. 52-6 at p. 46 and 52-7 at 47). The record contains similar indication that she experienced neck pain, back pain and headaches prior to the 2010 accident at Lowe's. These issues too are appropriate areas for cross-examination and do not constitute a basis for absolutely barring Plaintiff from testifying as to what she experienced after the accident.

However, as emphasized by the court in *Dodge-Farrar,* the more remote in time from an accident, the less likely it becomes that issues of causation are within the realm of experience of the average layperson. That general observation is particularly important to this case, because a number of the symptoms that Plaintiff purports to link to the accident are so idiosyncratic in nature that they cannot satisfy the requirements of Rule 701. To begin, any layperson testimony that the accident caused or contributed to any psychological or mental health condition, on the facts of this case, is much too attenuated to permit. Plaintiff is precluded from testifying or presenting evidence as to those claims, and from doing so by means of any other lay witness. Likewise, Plaintiff is precluded from testifying or presenting evidence as to her apparent belief that cortisone injections she received to treat her thigh pain or back pain were contaminated, and that she suffered additional damage because of these contaminated injections. Similarly, testimony or

**DECISION AND ORDER ON DEFENDANT'S MOTION IN LIMINE  - 6**

evidence relating to Plaintiff's "Synopsis of Current Medical Status," (Dkt. 72-1), which she submitted in the fall of fall of 2015, (more than five years after the accident), also falls into the category of testimony that would not be permitted under Rule 701. In this document, Plaintiff indicated that she continued to experience significant pain in her thoracic spine at the T-9 level, together with symptoms of fever, headaches, nausea, a foul taste in her mouth, pneumonia, high levels of "C-Reactive Protein indicative of a bacterial infection, a hip fracture, and also that she underwent an MRI that indicated the presence of "micro-metallic fragments," in the right knee. Testimony of this nature–i.e. an apparent attempt to link a wide variety of symptoms with an accident that occurred years prior–is precisely the kind of testimony that Rule 701 does *not* permit. Plaintiff is ordered not to attempt to introduce testimony or evidence or any nature concerning those subjects.

In defining the borders of permissible lay opinion causation testimony, the Court must balance two competing concerns. On the one hand, Plaintiff is entitled to testify as to her post accident symptoms and injuries that are potentially within the realm of the average layperson's experience. Defendant's request to limit Plaintiff to discussing only her leg or thigh pain is simply too narrow in that regard. On the other hand, on the record of this case and without properly disclosed expert testimony upon such subjects, the Court must preclude non-expert testimony about medical causation, which is outside the realm of the "usual and ordinary experience of the average person" from reaching the jury. *Dodge-Farrar v. American Cleaning Servs.,* 54 P.3d 954, 958 (Id. Ct. App. 2002)**.**

In balancing such competing concerns, the Court will permit Plaintiff to testify to

**DECISION AND ORDER ON DEFENDANT'S MOTION IN LIMINE  - 7**

any symptom or condition that she experienced during the immediate post accident period that she believes was actually caused by the accident, so long as that belief is, "rationally based on [her] perception," and not dependent upon scientific, technical, or other specialized knowledge, as required by Rule 701. Consistent with the foregoing discussion, the symptoms about which Renya may testify may include not just the leg or thigh pain that is identified in the medical records, but also her claimed abdominal pain/or contusion, her feeling that her back had "shattered," headaches, knee pain and neck pain. Ms. Reyna may testify about her symptoms and/or medical causation for the period of two months after the accident. She may not testify, nor proffer other evidence, about any condition other than the items referenced above for any period after that cut-off point, other than as it directly pertain to any continuing specific problems with those specific conditions that developed in the immediate post-accident period.

These boundary lines are drawn by the Court in the exercise of its discretion, with full consideration of the competing interests at play. They represent the most sensible approach to allowing Plaintiff a fair opportunity to present layperson evidence of the nature of her claims, while at the same time drawing a line beyond which such evidence cannot travel. While such boundaries are no doubt not the boundaries the parties might have drawn, given the unusual circumstances of this case they are lines drawn as carefully as the Court concludes is reasonable. Without such an approach, the trial could easily devolve into a continual sidebar discussion about what evidence could and could not be admitted, a scenario that would lead to confusion and frustration for all concerned.

**DECISION AND ORDER ON DEFENDANT'S MOTION IN LIMINE  - 8**

Nevertheless, the Court is concerned that some of Plaintiff's arguably idiosyncratic views about medical causation may threaten to place before the jury matters that are wholly unsupported by the evidence, thereby threatening the integrity of the trial. To address these concerns, the Court will take the additional step of ruling that Plaintiff will **not** be permitted to testify that contaminated cortisone injections led to additional medical damages. Second, although the Court has ruled that Plaintiff will be permitted to testify about a number of post-accident symptoms and conditions during the two months post-accident, defense counsel will still be free to raise Rule 701 objections at trial. However, consistent with the discussion above, defense counsel is also reminded that cross-examination is the appropriate way of addressing issues such as the lack of corroboration in the medical record and possible pre-existing conditions. The Court's concerns over an orderly trial run both directions.

## ORDER

1. Defendant's Motion in Limine (Dkt. 82) is hereby **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff will be permitted to testify regarding any symptom or condition that she experienced during the two month period immediately after the accident that she believes was caused by the accident, so long as that opinion is rationally based on her perception, is not dependent on scientific, technical, or other specialized knowledge, and is within the usual and ordinary experience of the average person, as required by Rule 701, subject

**DECISION AND ORDER ON DEFENDANT'S MOTION IN LIMINE  - 9**

    to the particular parameters set out in this Memorandum Decision and Order.  Evidence regarding these symptoms will be limited to a period of two months following the accident, unless the evidence is directly connected to a specific condition or symptom that manifested itself within the two month period. Testimony about other medical conditions and symptoms and about treatment that falls outside this two month period is prohibited.

3. Further, because Plaintiff did not disclose her treating doctors as expert witnesses, she will not be permitted to testify as to what these doctors may have told her regarding issues of medical causation.

3. Plaintiff is prohibited from presenting any testimony or evidence regarding her allegations that contaminated cortisone injections caused or contributed to her damages.

4. Finally, Plaintiff is prohibited from presenting any testimony or evidence that any mental health, psychiatric, or psychological issues she has experienced were caused by the accident.

**IT IS SO ORDERED.**

DATED:  June 20, 2016

_____
**Honorable Ronald E. Bush
Chief U. S. Magistrate Judge**

**DECISION AND ORDER ON DEFENDANT'S MOTION IN LIMINE  - 10**